**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID AND DALIA KAJBOS, ) | No. CV 09-1206-PHX-MHM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| MAXIMUM RECOVER SOLUTIONS, INC.) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently before the Court is Plaintiffs David and Dalia Kajbos' Motion for Default Judgment against Defendant Maximum Recovery Solutions, Inc. (Dkt. #8). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

**I.    BACKGROUND & PROCEDURAL HISTORY**

On June 4, 2009, Plaintiffs filed suit against Defendant, asserting a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1962 et seq.. (Complaint, Dkt. #1, pp. 6–7). Plaintiffs' Complaint sought actual damages in an amount to be determined at trial, an award of $1000.00 in statutory damages,  plus an award of attorney's fees and costs. (Id., p.7 ).

In their Complaint, Plaintiffs' allege that Defendant violated the FDCPA in attempting to collect an alleged debt from Plaintiffs. (Complaint, Dkt. #1, p.3–6). Specifically, Plaintiffs assert that on April 15, 2009, Defendant telephoned Plaintiffs and left a message

1   demanding payment of the debt and threatening litigation  (Id., p.3).  Plaintiffs allege that
2   Defendant's threat of litigation represented a threat to take an action that Defendant could
3   not legally take in violation of 15 U.S.C. § 1692e(5), and an unconscionable or unfair means
4   to collect a debt, in violation of 15 U.S.C. § 1692f.  (Id., pp.3–4).  The next day, Defendant
5   left another message attempting to collect the debt.  (Id., p.4).   Plaintiff Dalia Kajbos
6   returned Defendant's phone call, and during that phone call Defendant threatened legal
7   action and that it would garnish Plaintiffs' wages if they did not pay the debt.  (Id.).
8   Plaintiffs allege that Defendant's threat of litigation represented a threat to take an action that
9   Defendant could not legally take, in violation of 15 U.S.C. § 1692e(5), an unconscionable
10  or unfair means to collect a debt, in violation of 15 U.S.C. § 1692f, and a false, deceptive,
11  or misleading representation or means in connection with the collection of debt, in violation
12  of 15 U.S.C. § 1692e(5).  (Id., pp.4–5).  As a result of these threats, Plaintiffs worked out a
13  deal with Defendant to pay off their debt, but made it contingent upon the deal being put in
14  writing, which the Defendant agreed to.  (Id., p. 5).  Plaintiffs, however, never received a
15  letter setting forth the details of the Parties' agreement.  (Id.).  Instead, on April 27, 2009,
16  Plaintiffs received a letter from Defendant dated April 21, 2009.  (Id.).  The letter did not set
17  forth the terms of the repayment agreement, instead it confirmed deposit of a pre-dated check
18  Plaintiffs had provided Defendant.  (Id.).  Due to Defendant's refusal to place the agreement
19  in writing, Plaintiffs became suspicious of Defendant and called Defendant to ask it to stop
20  payment on the check.  (Id.).  Throughout the rest of April and May, 2009, Defendant
21  continued to call Plaintiffs and leave threatening messages.  (Id.).   Plaintiffs allege that
22  Defendant's messages did not provide the company name or that Defendant was a debt
23  collector, in violation of 15 U.S.C. § 1692d(6), that Defendant's threat of litigation
24  represented a threat to take an action that Defendant could not legally take, in violation of
25  15 U.S.C. § 1692e(5), and that Defendant's actions were an unconscionable or unfair means
26  to collect a debt, in violation of 15 U.S.C. § 1692f.  (Id., pp. 5–6).  Additionally, Plaintiffs
27  further assert that Defendant further violated the FDCPA by failing to comply with the
28  written notification provisions of 15 U.S.C. § 1692g.  Finally, Plaintiffs state that they

1 suffered a great deal of distress and mental anguish as a result of Defendant's conduct. (Id., p.6).

2 On June 5, 2009, Plaintiffs filed proof with this Court that they served Defendant with their Complaint. (Dkt. #4). Due to Defendant's failure to respond to its Complaint, on August 10, 2009, Plaintiffs filed an Application for Entry of Default. (Dkt. #5). The Clerk of the Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 14, 2009. (Dkt. #6). Because Plaintiffs failed to follow up on the Clerk's Entry of Default by filing a motion for default judgment, on November 5, 2009, this Court issued an Order stating that the case would be dismissed for lack of prosecution unless Plaintiffs filed a motion for default judgment by November 17, 2009. (Dkt. #7). On November 9, 2009, Plaintiffs, pursuant to Rule 55(b)(2), filed their Motion for Default Judgment, (Dkt. #8), along with a Memorandum of Points and Authorities and accompanying affidavits (Dkt. #9).

**II.    DISCUSSION**

"Entry of default judgment is governed by FRCP 55 and is left to the trial court's sound discretion." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default judgment pursuant to FRCP 55(b)(2). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under FRCP 55). Factors that a district court may consider in exercising its discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id., 782 F.2d at 1471-72. After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). "A party seeking default judgment must state a claim upon which it may recover." Philip Morris

- 3 -

1  USA, 219 F.R.D. 494, 501 (C.D.Cal. 2003). Furthermore, a plaintiff must prove all damages
2  sought in the complaint. See Philip Morris USA, 219 F.R.D. at 498; see also FED.R.CIV.P.
3  55(b)(2) ("In determining damages, a court can rely on the declarations submitted by the
4  plaintiff.").

5  Plaintiffs have satisfied the procedural requirements for default judgment against
6  Defendant. Plaintiffs (1) submitted an affidavit and application for entry of default on
7  August 10, 2009 (Dkt. #5); (2) caused the Clerk of the Court to enter default against
8  Defendant on August 14, 2009 for failure to answer/defend (Dkt. #6); (3) filed a statement
9  regarding the amount of costs and attorney's fees sought, (Dkt. #9, exhb. 1); and (4) and have
10 explained why they are entitled to the damages they have requested. (Dkt. #9). Finally,
11 because Plaintiffs do not request relief that differs from or exceeds that prayed for in the
12 complaint, the application for default judgment complies with FRCP 54(c). Accordingly, the
13 Court need only analyze the Eitel factors to determine whether default judgment is
14 appropriate in this case.

15 In considering the Eitel factors, the Court takes all factual allegations in Plaintiffs'
16 complaint as true, except for those relating to damages. See Heidenthal, 826 F.2d at 917-18.
17 After reviewing the complaint and the declarations submitted in support of Plaintiffs' default
18 motion, the Court finds that the Eitel factors favor granting default judgment. First, Plaintiffs
19 would clearly suffer prejudice if default judgment was not granted because they would be
20 without other recourse for recovery. Second, it appears that Plaintiffs have adequately pled
21 the count of violation of the FDCPA in their Complaint against Defendant. Third, as
22 Defendant's failure to answer constitutes an admission to the averments contained in the
23 complaint under FRCP 8(d), the Court must accept the allegations as true. As such, the first
24 three Eitel factor favor entry of default judgment against Defendant.

25 Pursuant to the fourth Eitel factor, the Court considers the amount of money at stake
26 in relation to the seriousness of Defendant's conduct. See Eitel, 782 F.2d at 1471-72. In this
27 case, Plaintiffs seek $1000.00 per plaintiff in statutory damages for Defendant's violation of
28 the FDCPA. If a violation of the FDCPA is found, the Court may award up to $1000.00 in

statutory damages. See 15 U.S.C. § 1692k(a)(2)(A) (allowing the Court to award up to $1000.00 in additional damages in an action by an individual). Because these damages are provided for by statute, they are an appropriate amount of compensation in light of Defendant's repeated violations of the Act. The Court also finds that Plaintiffs' request of $5,000.00 per plaintiff in actual damages is appropriate in light of the fourth Eitel factor. As a result of Defendant's conduct, Plaintiffs have suffered a great deal of emotional distress and mental anguish in the form of fear of answering the telephone, sleeplessness, feelings of hopelessness, pessimism, nervousness, impacting their jobs, personal relationships, and creating marital instability. (Dkt. #1, p.6; Dkt. #9, exhb. 2–3). Five thousand dollars per plaintiff does not appear to be excessive in relation to Defendant's conduct, which was a deliberate attempt to intimidate and coerce Plaintiffs into paying their debt. See, e.g., Panahaisl v. Gurney, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. March 7, 2007) (awarding a consumer $60,000 in actual damages due to emotional distress stemming from FDCPA violations). As such, the Court finds that this factor favors granting default judgment against Defendant.

The fifth Eitel factor considers the possibility of dispute as to any material facts in the case. However, on entry of default, as previously stated, all well-pleaded facts in the complaint are taken as true, except those relating to damages. See TeleVideo Sys., Inc., 826 F.2d at 917-18. Here, Plaintiffs filed a well-pleaded complaint alleging the facts necessary to establish its claims and Defendant failed to answer Plaintiffs' complaint. Thus, this factor also favors the entry of default against Defendant.

The sixth Eitel factor considers the possibility that default resulted from excusable neglect. "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA, 219 F.R.D. at 500-01 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). In this case, Defendant has been served with the Complaint, (Dkt. #4), and Plaintiffs' Motion for Default and accompanying Memorandum of Points and Authorities. (Dkt. #10).

1 Defendant failed to answer Plaintiffs' Complaint and has not opposed the instant motion; 2 indeed Defendant has not even entered an appearance in this case. Accordingly, the sixth 3 factor favors granting default judgment against Defendant.

4 Finally, "the mere existence of Fed.R.Civ.P. 55(b) indicates that the seventh Eitel 5 factor is not alone dispositive." Philip Morris USA, 219 F.R.D. at 501 (citing Cal. Sec. 6 Cans., 238 F. Supp. 2d at 1177). "Moreover, Defendant's failure to answer [Plaintiffs'] 7 Complaint makes a decision on the merits impractical, if not impossible. Under FRCP 55(a), 8 termination of a case before hearing the merits is allowed whenever a defendant fails to 9 defend an action." Cal. Sec. Cans., 238 F. Supp. 2d at 1177. This is exactly what occurred 10 here, and thus the seventh Eitel factor does not preclude the Court from entering default 11 judgment against Defendant. Accordingly, in light of the Eitel factors as a whole, the Court 12 finds that default judgment against Defendant is appropriate.

13 Nonetheless, "[i]n granting default judgment, a court can award only up to the amount 14 prayed for by a plaintiff in its complaint." Truong Giang Corp. v. Twinstar Tea Corp., 2007 15 WL 1545173, at *13 (N.D.Cal. 2007). Although a demand for relief must be specific under 16 FRCP 8(a)(3), a "[p]laintiff's burden in 'proving up' damages on a motion for default 17 judgment is relatively lenient. If proximate cause is properly alleged in the complaint, it is 18 admitted upon default. Injury is established and plaintiff need prove only that the 19 compensation sought relates to the damages that naturally flow from the injuries pled." 20 Philip Morris USA, 219 F.R.D. at 498 (quoting Fed.R.Civ.P. 54 (c) (citing Cripps v. Life Ins. 21 Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)).

22 In the instant case, each Plaintiff seeks from Defendant: (1) $5000.00 in actual 23 damages pursuant to 15 U.S.C. § 1692k(a)(1); and (2) $1000.00 in statutory damages 24 pursuant to 15 U.S.C. § 1692k(a)(2)(A). Although the amount of actual damages requested 25 by Plaintiffs was not specifically mentioned in the Complaint, Plaintiffs did demand actual 26 damage; and as such, Plaintiffs' requested remedy does not differ from the relief prayed for 27 in his complaint. Additionally, in light of the emotional damages suffered by Plaintiffs, the 28 Court finds that $5000.00 per plaintiff flows naturally from the injury. In addition, Plaintiffs

seek attorney's fees under the FDCPA, which states that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Plaintiffs' request for fees is not new; it was made in their Complaint. In support of their fee award request, Plaintiffs have submitted a bill of costs and attorney's fees showing $3,907.60 in costs and fees, as well as declarations from Plaintiffs' counsel explaining their work on this case and substantiating the requested fee award. (Dkt. #9, exhb. #1, 4–5). Having reviewed the foregoing documents, the Court finds nothing unreasonable about the amount of attorney's fees or costs requested by Plaintiffs.

In sum, the Court finds that Plaintiffs' requested damages against Defendant are reasonably calculated and naturally derive from the injuries pled in Plaintiffs' Complaint. Additionally, the Court finds that the costs and attorney's fees requested by Plaintiffs are reasonable and appropriate. Therefore, the Court grants Plaintiffs' Motion for Default Judgment against Defendant for damages in the amount of $6,000.00 to each Plaintiff and for a single award of costs and attorney's fees in the amount $3,907.60

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiffs' Motion for Default Judgment (Dkt. #8). Each plaintiff shall recover $5,000.00 as actual damages and $1,000.00 in statutory damages, for a total damages award of $6,000.00 per plaintiff.

**IT IS FURTHER ORDERED** awarding Plaintiffs $3,907.60 in attorney's fees and costs.

/ / /

1  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter
2  judgment accordingly.
3  DATED this 17th day of May, 2010.

Mary H. Murguia
United States District Judge